ANNA ANTOSIA *vs.* CROWN WORSTED MILLS, INC.

JULY 28, 1950.

PRESENT: Flynn, C.J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is an original petition for compensation brought by an employee under the provisions of the workmen's compensation act, general laws 1938, chapter 300.

When the petition came on for hearing in the superior court on respondent's appeal from an adverse decision in the department of labor certain questions of law were raised which in the opinion of the trial justice were of such doubt and importance and so affected the merits of the controversy that they ought to be determined by the supreme court before further proceedings were taken. Therefore the trial justice acting under the provisions of G. L. 1938, chap. 300, art. III, §12, certified such questions to this court for determination.

The petitioner alleged that on March 2, 1948 she had sustained an injury to her back and side by accident arising out of and in the course of her employment. On August 13, 1948 her petition, which the respondent had answered, came on for disposition in the department of labor before Laurence J. Walsh, a so-called hearing officer in that department. At the outset his authority to pass on the case was questioned and put directly in issue by respondent, which objected to proceeding before the hearing officer and demanded that the matter be heard either by the director of labor or the chief of the division of workmen's compensation. In taking that position respondent relied on the cases of *Berkshire Fine Spinning Associates, Inc.* v. *Label*, 74 R. I. 6, and *Apice* v. *American Woolen Co.*, 74 R. I. 425.

However, respondent's objection was overruled and the hearing officer assumed jurisdiction and took testimony. On January 8, 1949 he rendered a written decision granting the petition and awarding compensation, which decision was approved in writing by the acting director of labor and the chief of the division of workmen's compensation. In so acting the hearing officer assumed jurisdiction by virtue of the provisions of G. L. 1938, chap. 300, art. III, §4, as amended by public laws 1947, chap. 1870, approved April 28, 1947, which reads in part as follows: "The director of labor or the chief of the division of workmen's compensation *or any authorized representative of either* shall have full power and authority to require by subpoena

the attendance and testimony of witnesses, the production of all books, records and other evidence relative to any compensation case to be heard or being heard by the director of labor *or his authorized representative.* Such subpoenas shall be signed and issued by the director of labor or the chief of the division of workmen's compensation and shall be served and have the same effect as if issued out of the superior court. The director of labor or the chief of the division of workmen's compensation *or any authorized representative of either* shall hear such witnesses as may be presented by each party, shall decide the merits of the controversy in a summary manner, and shall file his decision, in writing together with his order to the parties in accordance therewith." (italics ours)

Thereafter respondent duly filed in the office of the director of labor its claim of appeal to the superior court from the above decision. On April 5, 1949 such appeal came before a justice of that court for hearing and the respondent at once raised the question of the jurisdiction of the court to entertain the matter, particularly in view of the fact that previously the authority of the hearing officer to pass upon the petition had been directly challenged in the department of labor. As a result of the position taken by the respondent in the superior court in respect to its jurisdiction in the premises, the following questions of doubt and importance were duly certified by the trial justice to this court for determination. 1. "Is the decision of Laurence J. Walsh, Hearing Officer in the Department of Labor, Division of Workmen's Compensation, dated January 8, 1949, made after a hearing held by said Laurence J. Walsh on August 13, 1948, on an original petition of the employee, valid and effective?" 2. "Was an appeal perfected to the Superior Court by the respondent having filed in the office of the Director of Labor a Claim of Appeal from said decision from Laurence J. Walsh, Hearing Officer, dated January 8, 1949?"

It is the petitioner's contention that at the time Laurence J. Walsh acted herein he was a duly authorized representative of either the director of labor or the chief of the division of workmen's compensation or both, and therefore had jurisdiction under P. L. 1947, chap. 1870, to hear and decide her petition. In the respondent's brief we find the following statement: "The appointment of Mr. Walsh as a hearing officer, without regard to the legality of such appointment, is conceded." However, it argues that he was not such an authorized representative as petitioner describes; that the chapter just mentioned did not clothe him with the necessary power to pass on petitions filed under the workmen's compensation act; and that his doings in the present instance, having been directly and promptly questioned, were null and void.

In substance the respondent maintains among other things that the primary object of the general assembly in passing chapter 1870 was to give specific officers in the department of labor power to require attendance of witnesses and to issue subpoenas *duces tecum;* that while the chapter did extend the right to any authorized representative of the two above-mentioned officers of the department of labor to hear and decide cases such representative refers only to one entitled by law to substitute for them and not merely to one whom they themselves may authorize to act; and that no statute has specifically referred to "hearing officers" in the department of labor or defined their powers as such prior to the passage of P. L. 1949, chap. 2368. That act went into effect May 11, 1949 which admittedly was after the matters involved in the instant case arose.

In the *Apice* case, cited by the respondent, we discussed at some length the alleged authority and power of a hearing officer so called in the department of labor as they applied to the facts of that particular case. Also we had occasion therein to refer to chapter 1870, but at page 434 of the opinion we stated that "in the circumstances we are not called upon to determine and do not in any way pass upon

the scope, intent or meaning of chap. 1870, supra." It seems clear, however, that the construction and effect of such chapter is now the controlling issue herein.

Upon consideration we are of the opinion that the general intent and meaning given to chap. 1870 by the respondent are not correct. We do not agree that the primary object of that chapter was merely to grant to certain officers the right to issue subpoenas. In our judgment that was undoubtedly an important purpose of the statute, but another and equally important object was to give to any authorized representative of the director of labor or the chief of the division of workmen's compensation the power to hear and decide in the department of labor controversies under the compensation act. We construe the word authorized, as used in the statute, to mean and to be substantially equivalent to designated or selected.

As we understand it the respondent contends that any such authorized representative in order to have the power to act validly must be specifically named or appointed by an act of the general assembly; that chap. 1870 fails in that respect; and that it is not effective because apparently it merely attempts to permit the two chief hearing officers of the department of labor to improperly redelegate their own quasi judicial power to others as their representatives. In support of its position the respondent calls attention to language in the opinion in the *Apice* case at page 433. However, a careful examination of that language shows that it deals with the appointment by the two chief officers in question, under the provisions of the administrative code acts of 1935 and 1939, of assistants and the delegation to them of certain administrative authority. We affirm as sound the general statements of law therein in respect to the redelegation of quasi judicial authority, but we are also of the opinion that they have no application in the instant cause under a proper interpretation of chap. 1870.

Undoubtedly the general assembly might have specifically

created the particular office of hearing officer and prescribed its duties and powers, or at least have more specifically identified by some other title and qualifications "the authorized representative" mentioned in chap. 1870. Such a method unquestionably would have been preferable to the one adopted in said chapter. However, the fact that the general assembly did not act specifically in that particular does not necessarily preclude it from accomplishing its obvious and expressly declared purpose by way of necessary implication from other language used.

In our opinion chap. 1870 should be reasonably construed in order to effectuate its plain purposes. It was the express intent of the general assembly to authorize not only the director of labor and the chief of the division of workmen's compensation but also "any authorized representative of either" to hear and decide controversies before that department. In that respect the language of the act is plain, unambiguous, and mandatory in form. While the general assembly itself did not specifically create the office of hearing officer or particularly identify the authorized representative whom it intended to exercise the powers of hearing and deciding cases as therein expressly granted, it is our judgment that this result was accomplished by reasonable and necessary implication from the language it used. On our view the legislature intended and provided therein that such powers would be exercised by the particular representative whose designation shall be made by the director of labor or the chief of the division of workmen's compensation. Unless that is true there would be no purpose or necessity for the legislature to have included in its grant of power language as to any authorized representative, and the act would have no reasonable meaning or effect in that respect notwithstanding the clearly expressed legislative intent.

Another significant provision in the above chapter is the specific direction that any authorized representative of either the director of labor or the chief of the division of

workmen's compensation "shall hear such witnesses * * * shall decide the merits of the controversy in a summary manner, and shall file his decision, in writing together with his order to the parties * * *." In other words, any representative having been duly designated as aforesaid thereupon was empowered specifically by act of the general assembly to hear and determine the above controversies. The power exercised by such an authorized representative therefore is derived directly from chapter 1870 and not by reason of any attempted redelegation of powers by the director of labor or the chief of the division of workmen's compensation. In our opinion no question of redelegation of quasi judicial power is involved in the present cause.

Under the above chapter anyone who is thus properly designated as an authorized representative to hear and decide cases is entitled to exercise such powers under the act, and it is not material in respect to the performance of his duties whether he is denominated a hearing officer or in fact is given any particular title. In the circumstances of course the director of labor or the chief of the division of workmen's compensation as the case may be would be responsible for the competency of any designated representative.

We therefore answer in the affirmative the first question certified to us for our determination. That being the case it follows that the second question should also be answered in the affirmative if the other requirements as to appeal have been satisfied.

The papers in the cause with our decision certified thereon are ordered to be sent back to the superior court.

*Henry R. DiMascolo, Anthony DiPetrillo, Augustine J. Damiano,* for petitioner.

*Worrell & Hodge, Lee A. Worrell,* for respondent.